1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                        )
9    HEATHER MENSTER,                       )
                                                        )          Case No. C13-00775RSL
10                          Plaintiff,              )
          v.                                           )
11                                                      )          ORDER DENYING
     LIBERTY MUTUAL FIRE INSURANCE,  )          PLAINTIFF'S MOTION TO
12   COMPANY, an insurance company,    )          STAY PROCEEDINGS
                             Defendant.         )
13   _____ )

14

15          This matter comes before the Court on plaintiff's "Motion to Stay Proceedings."

16   Dkt. #11.  Plaintiff requests that her lawsuit against Defendant be stayed until the conclusion of

17   the ongoing Office of the Insurance Commissioner ("OIC") investigation against her.  Plaintiff

18   argues that her Fifth Amendment right against self-incrimination may be violated if a stay is not

19   granted.  For the reasons set forth below, the Court DENIES the stay.

20

21                                             **BACKGROUND**

22          On August 30, 2012, plaintiff Heather Menster's  home was burglarized, and she

23   filed a claim with defendant Liberty Mutual Fire Insurance Company for stolen items.  Dkt. #11.

24   Liberty Mutual investigated Menster's claim and denied coverage in a letter dated January 3,

25   2013.  Dkt. #13.  Menster then filed suit against Liberty Mutual on April 11, 2013.  Dkt. #11.

26   Liberty Mutual requested Menster voluntarily dismiss the lawsuit in a letter dated May 24, 2013,

ORDER DENYING MOTION TO STAY

citing evidence of material misrepresentations.  Dkt. #13.  Currently, the Office of the Insurance Commissioner is investigating Menster's claim for insurance fraud.  Id.  To date, this Court has not been informed of any criminal charges against Menster.

## DISCUSSION

Plaintiff argues that the Court should stay the civil proceedings for two reasons. First, plaintiff argues that she had no choice but to file a lawsuit against Liberty Mutual because her contract with Liberty Mutual contained a provision that requires all suits against the insurer be filed within one year of the loss.  Plaintiff filed suit against Liberty Mutual in April, 2013, well within the time limit provided in the insurance contract.  The Court finds no authority, and plaintiff cites no cases, to support the argument that a stay is warranted when a suit is filed as a placeholder to preserve a claim.

Second, plaintiff requests a stay in the proceedings because she may be prevented from invoking her constitutional privilege against self-incrimination if criminal investigators or prosecutors obtain information from the civil case.  The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings.  Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir.1989); Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir.1995).  In Keating, the Ninth Circuit found that "a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege."  Keating, 45 F.3d at 326.  The Court should make a decision to stay civil proceedings in light of the particular circumstances and competing interests involved in the case.  Id.  As the plaintiff is seeking the stay in litigation, the Court should consider (1) the extent to which the plaintiff's Fifth Amendment rights are implicated; (2) the interest of the defendant in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice of a delay; (3) the burden which any particular aspect of the proceedings may impose on plaintiff; (4) the convenience of the court in the management of its cases, and the

1  efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation;

2  and (6) the interest of the public in the pending civil and criminal litigation.  <u>Molinaro</u>, 889 F.2d

3  at 902–03; <u>Keating</u>, 45 F.3d at 324–25.

4

5      <u>Factor 1</u>: Extent to which plaintiff's Fifth Amendment rights are implicated.

6          In this case, the plaintiff is seeking a stay of civil proceedings she initiated in order

7  to retain her Fifth Amendment privilege against self incrimination.  "The strongest case for

8  deferring civil proceedings until after completion of criminal proceedings is where a party under

9  indictment for a serious offense is required to defend a civil or administrative action involving

10  the same matter."  <u>Sec. & Exch. Comm'n v. Dresser Indus., Inc.</u>, 628 F.2d 1368, 1375-76 (D.C.

11  Cir. 1980).  The case for staying civil proceedings is "a far weaker one" when "[n]o indictment

12  has been returned[, and] no Fifth Amendment privilege is threatened."  <u>Dresser Indus.</u>, 628 F.2d

13  at 1376.  To the Court's knowledge, the plaintiff has not been charged with any offense at this

14  time.  In addition, the plaintiff is prosecuting, not defending the civil action.

15          There is minimal risk to a party's Fifth Amendment right when that party already

16  testified concerning the matter in which he or she now seeks to claim the privilege.  <u>See</u>

17  <u>Molinaro</u> 889 F.2d at 901(finding that the burden on a defendant's Fifth Amendment privilege

18  was negligible when he had already testified in deposition concerning the matter in which he

19  later sought to claim the privilege).  Plaintiff testified in an Examination Under Oath ("EUO")

20  conducted by an attorney hired by Liberty Mutual regarding her insurance claim, so the burden

21  on her Fifth Amendment privilege is diminished.[1]  Dkt. #15.  To the extent the plaintiff desires to

22

---

23      [1] While there are differences between depositions (taken for the purpose of litigation) and

24  examinations under oath (which the insurer conducts as part of the investigation of claims), courts treat
   testimony given at each proceeding as "under oath."  <u>See</u> <u>Pac. Ins. Co. v. Kent</u>, 120 F. Supp. 2d 1205,

25  1213 (C.D. Cal. 2000); <u>see also</u> RCW 48.18.460 ("If a person makes a claim under a policy of
   insurance, the insurer may require that the person be examined under an oath administered by a person

26  authorized by state or federal law to administer oaths.").

ORDER DENYING MOTION TO STAY          -3-

1  exercise her Fifth Amendment privilege, she may do so in the civil proceeding by seeking a
2  protective order.

3        The Ninth Circuit has indicated that "not only is it permissible to conduct a civil
4  proceeding at the same time as a related criminal proceeding, even if that necessitates invocation
5  of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse
6  inferences from the invocation of the Fifth Amendment in a civil proceeding." Keating, 45 F.3d
7  at 324. (citing Baxter v. Palmigiano, 425 U.S. 308, 318,(1976)). The fact that criminal
8  indictments may be brought against the plaintiff is not sufficient to justify a stay.

9

10    Factor 2: The interest of the defendant in proceeding expeditiously with this litigation,
11  and the potential prejudice caused by delay.

12        The defendant expressed an interest in proceeding expeditiously with the litigation.
13  Defendant also asserts that a delay would cause prejudice, but offer no explanation of the
14  prejudice other than stating that the civil litigation exists. The Court finds that this factor weighs
15  in favor of a stay.

16

17    Factor 3: The burden which any particular aspect of the proceedings may impose on
18  plaintiff.

19        Plaintiff argues that she may be prevented from exercising her right against self
20  incrimination if the proceedings continue. As discussed above in Factor 1, this potential burden
21  is not insurmountable and does not justify a stay.

22

23    Factor 4: The convenience of the court in the management of its cases, and the efficient
24  use of judicial resources.

25        As part of its inherent power to "control the disposition of the causes on its docket
26  with economy of time and effort for itself, for counsel, and for litigants," this Court has the

ORDER DENYING MOTION TO STAY        -4-

1   power to stay litigation pending resolution of a related proceeding.  <u>Landis v. N. Am. Co.</u>, 299

2   U.S. 248, 254 (1936).  Defendant argues that a stay of proceedings is not an efficient use of

3   judicial resources and that the case should be dismissed on summary judgment motion.  Plaintiff

4   argues that if the proceeding is stayed, the OIC investigation will shed light on some of the

5   claims.  It is likely that the OIC investigation will narrow the issues for adjudication.  <u>See</u> <u>U.S.</u>

6   <u>v. Booth</u>, 2010 WL 315543, at *2 (E.D.Cal.2010).  Because judicial resources may be conserved

7   if the criminal matter resolves some factual issues, the Court finds that this factor weighs in

8   favor of a stay.

9

10      <u>Factor 5</u>: The interests of persons not parties to the civil litigation.

11          The Office of the Insurance Commissioner is the only third party with an interest

12   in the civil litigation.  In this case, the OIC's interest is to complete an investigation into the

13   validity of plaintiff's claim.  While defendant has already provided information to the OIC for

14   their investigation, the OIC has an interest in finding the facts regarding plaintiff's claim.  As a

15   result, the OIC would likely benefit from civil discovery in this case.  No other parties have been

16   identified.  Accordingly, the Court finds that this factor weighs against a stay.

17

18      <u>Factor 6</u>: The interest of the public in the pending civil and criminal litigation.

19          The Court finds that there is a public interest in favor of staying civil cases due to a

20   concern for preserving the integrity of criminal proceedings.  "A litigant should not be allowed

21   to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the

22   restrictions on criminal discovery and thereby obtain documents he would not otherwise be

23   entitled to for use in his criminal suit.  Judicial discretion and procedural flexibility should be

24   utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one

25   suit from doing violence to those pertaining to the other."  <u>Bittaker v. Woodford</u>, 331 F.3d 715,

26   734-35 (9th Cir. 2003)(citing Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962)).  The

public does not have an interest in staying the civil suit where no criminal charges have been filed. If criminal charges are filed, however, the defendant will not be a party. Thus, neither party is attempting to use the civil discovery procedures to avoid restrictions in the criminal case. Accordingly, the Court finds that the public interest weighs against a stay.

## CONCLUSION

The Court considered the Molinaro/Keating factors in determining whether or not to grant a stay in the civil proceeding. Only the second and fourth factors weigh in favor of granting a stay, while the first, third, fifth, and sixth weigh against granting a stay. The Court concludes that the case should not be stayed pending the outcome of the criminal investigation. Plaintiff's motion to stay proceedings is therefore DENIED.

Dated this 23rd day of October, 2013.

*Mr S Casnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO STAY                     -6-